JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT SISCO, JR., Plaintiff, v. SAN BERNARDINO SHERIFF'S DEPARTMENT, Defendant. | ) | No. ED CV 11-02060-R (VBK) MEMORANDUM AND ORDER RE DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE |

Pro se Plaintiff Robert Sisco, Jr. (hereinafter referred to as "Plaintiff") filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on January 27, 2012, pursuant to the Court's Order re Leave to File Action without Prepayment of Full Filing Fee.

On February 17, 2012, the Court issued an Order re Dismissal with Leave to Amend.

On March 20, 2012, Plaintiff filed a First Amended Complaint.

On May 7, 2012, Plaintiff filed a "Notice of Change of Address" and listed his address as 16675 Mojave Drive, Victorville, California 92395. (Docket No. 9.)

On May 17, 2012, a Report and Recommendation of United States Magistrate Judge was issued recommending that the First Amended

Complaint and entire action be dismissed without leave to amend. (Docket No. 11.)

On May 29, 2012, the Court was informed that Plaintiff is no longer at that address. (See, "Not Deliverable as Addressed", Docket Nos. 12 and 13.)

On June 4, 2012, the Court issued an Order to Show Cause re Dismissal requiring Plaintiff to notify the Court of his current address.

Central District Local Rule 41-6 provides:

> "DISMISSAL - FAILURE OF PRO SE PLAINTIFF TO KEEP COURT APPRISED OF CURRENT ADDRESS - A party appearing pro se shall keep the Court apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se Plaintiff's address of record is returned undelivered by the Post Office, and if within fifteen (15) days of the service date, such Plaintiff fails to notify, in writing, the Court and opposing parties of said Plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution."

Plaintiff was ordered to respond within 15 days of the Order. Plaintiff was advised that if he failed to apprise the Court of his current address, the Court would recommend the action be dismissed with prejudice for want of prosecution.

On June 13, 2012, the Order to Show Cause issued on June 4, 2012 was returned undelivered by the Postal Service. On the envelope was a notation "Not Deliverable as Addressed." (Docket No. 15.)

Here, Plaintiff has failed to notify the Court of his current address within 15 days of the service date of the undelivered Order to Show Cause described above, as required by Local Rule 41-6. His failure to keep the Court apprised of his current address renders this case indistinguishable from Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). There, in affirming the District Court's dismissal of a case for failure to prosecute, the Ninth Circuit observed that "[I]t would be absurd to require the District Court to hold a case in abeyance indefinitely just because it is unable, through the Plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."

## DISCUSSION

It is well established that a District Court has authority to dismiss an action because of failure to prosecute or to comply with Court Orders. See, Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386 (1962), (authority to dismiss for lack of prosecution necessary to prevent undue delay in disposing of pending cases and avoid congestion in Courts' calendars); Ferdik v. Bonzelet, 936 F.2d 1258, 1260 (9th Cir. 1992), (authority to dismiss action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or to comply with court orders, a court should consider five factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. In Re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994)(failure to prosecute);

Ferdik, 936 F.2d at 1260-61 (9th Cir. 1992)(failure to comply with court orders).

In the instant action, the first two factors -- public interest in expeditious resolution of litigation and the need to manage the Court's docket -- weigh in favor of dismissal. Plaintiff has failed to comply with the Court's Orders requiring Plaintiff to notify the Court of his address, despite being warned of the consequences and granted sufficient time in which to do so. Plaintiff's conduct hinders the Court's ability to move this case towards disposition, and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility, despite having been granted sufficient time in which to do so. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissal. The Court cannot move the case

towards disposition without Plaintiff's compliance with court orders or participation in its litigation. Plaintiff has shown that he is either unwilling or unable to comply with court orders by filing responsive documents.

Under these circumstances, dismissal for failure to prosecute is appropriate. Such a dismissal should not be entered unless the Plaintiff has been notified that dismissal is imminent. See, West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). However, Plaintiff was warned about the possibility of dismissal in the Court's prior Orders.

It is **THEREFORE ORDERED** that this action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b), Local Rule 41-6 and the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. See also Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 27, 2012

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Presented on
June 25, 2012 by:

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE